[Civ. No. 8950. Second Appellate District, Division One.—August 24, 1933.]

SARAH INGALLS, Plaintiff and Respondent, v. OLYMPIC REALTY CORPORATION (a Corporation) et al., Defendants and Respondents; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Appellant.

Jennings & Belcher and Louis E. Kearney for Appellant.

M. C. Spicer and Fred Pearce for Plaintiff and Respondent.

Lewis Cruickshank and Donald Armstrong for Defendants and Respondents.

DESMOND, J., *pro tem.*—This appeal was placed upon the calendar of this court upon an order to show cause why the judgment herein should not be reversed, and the cause remanded to the trial court for a new trial or such other order made as might be meet in the premises. At the time of the entry of such order to show cause, it appeared that appellant's brief had been filed herein, but that no brief on behalf of respondent had been filed; further, that the time for filing such brief had long since expired. Upon the call-

ing of such calendar, counsel for respondent appeared and consented that the judgment appealed from be reversed and a new trial ordered. We have examined the transcript and have noted the points raised by appellant in his brief. We observe that the complaint alleges that certain of the defendants induced the plaintiff through fraudulent representations to buy, under four separate executory agreements, four parcels of land for the aggregate price of $8,690, that a total of $3,490.70 was paid thereon, including the sum of $293.10, as interest; that no rescission is claimed to have been effected or attempted, but damages are claimed in the amount paid, namely, $3,490.70, payment of that sum having been demanded from The Fidelity and Casualty Company of New York, surety upon bonds furnished under the law to the state real estate commission by the broker and salesman who made the sales to the plaintiff. We observe that by the answer filed by defendants, an offer is made to convey all the property mentioned upon payment of the amounts still due on account of principal and interest under the terms of the contracts. The only evidence relating to the value of the lots in question was given by two witnesses, one appearing for the plaintiff, the other for the defendants. The plaintiff's witness, a deputy county assessor, testified that the respective parcels were appraised by his office at approximately one-fifth to one-tenth of the selling prices fixed in the agreements of sale and that in the office of the county assessor appraised values are ''about 50% of what we consider to be the sales value of lots.'' This witness gave no testimony as to the actual value of the lots. A salesman, employed by some of the defendants, appeared as their witness on values and testified that; in his opinion, the lots were worth at or within a few months of the selling dates approximately $1,000 to $1500 more in the aggregate than the plaintiff undertook to pay for them. No evidence was offered by either party as to what the value of the lots or any of them would have been if the allegedly false representations had been true, and the record fails to disclose, either in the evidence or findings of fact, the method employed by the court in determining that the plaintiff was entitled to damages in the sums of $300, $400, $500 and $650, on the respective contracts, a total judgment of $1850. It cannot be ascertained from the record whether in assessing these damages the court took into

account the balance due upon the contracts, allowing for the respective payments thereon in the sums of $646.50, $902.74, $729.50 and $918.75. It is felt that under these circumstances counsel for respondent acts advisedly in consenting to the granting of the motion.

It is ordered that the judgment appealed from be, and the same is, hereby reversed, and the cause remanded for a new trial. *Remittitur* to issue forthwith.

Conrey, P. J., and York, J., concurred.